## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PAULETTE DILWORTH, | CIVIL ACTION 1:16-cv-04837 |
| Plaintiff, | |
| v. | COMPLAINT |
| SMARTPAY LEASING, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## <u>COMPLAINT</u>

NOW COMES the Plaintiff, PAULETTE DILWORTH ("Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, SMARTPAY LEASING, INC. ("SmartPay"), as follows:

### NATURE OF THE ACTION

1.     Plaintiff brings this action seeking redress for SmartPay's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

### JURISDICTION AND VENUE

2.     Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227 ("TCPA"), and 28 U.S.C. §§1331 and 1337 because the action arises under the laws of the United States and supplemental jurisdiction exists for the state law ICFA claim pursuant to 28 U.S.C. §1367.

3.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because SmartPay conducts business in this District and a substantial part of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4.    Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

5.    Defendant SmartPay is a corporation with its principal place of business located at 58 Lakeview Drive, Piedmont, California 94611. SmartPay offers financing for electronic devices and accessories to consumers. SmartPay's Illinois registered agent is located at 2910 West Coyle Avenue, Chicago, Illinois, 60645.

**SMARTPAY'S CALLS TO PLAINTIFF'S CELLULAR PHONE**

6.    At all times relevant, Plaintiff was the sole subscriber, owner, and operator of a cellular telephone with an assigned number ending in 1562. Plaintiff is and has always been financially responsible for her cellular phone and its services.

7.    In Novembe 2015, shortly after Plaintiff obtained a cellular phone from MetroPCS, Plaintiff began receiving calls to her cellular phone from SmartPay from the number (415) 375-0956.

8.    In November 2015, Plaintiff answered a call from SmartPay to determine why SmartPay was calling her cellular phone.

9.    During this call, Plaintiff said "hello," but nobody responded and the line disconnected.

10.    The calls persisted, up to 10 calls a day, and Plaintiff continued to answer the phone, up to 5 times a day, to try to determine why SmartPay is calling her.

11.    During one of the calls that Plaintiff answered, Plaintiff said "hello," and demanded that the calls cease.

12.     At no time did Plaintiff provide SmartPay with her cellular phone number or have any relationship with SmartPay.

13.     Notwithstanding Plaintiff's demands that SmartPay's calls cease, SmartPay continued placing calls to Plaintiff's cellular phone.

14.     Between November 2015 and the present day, SmartPay has placed no less than 1,800 calls to Plaintiff's cellular phone.

15.     The frequency of SmartPay's calls to Plaintiff's cellular phone has severely disrupted Plaintiff's everyday life and general well-being.

16.     SmartPay's phone harassment campaign is highly upsetting, invasive, and inconvenient to Plaintiff and has caused Plaintiff actual harm, including but not limited to, invasion of privacy, the aggravation that accompanies unsolicited telephone calls, emotional distress, increased usage of her telephone services, and diminished space for data storage on her cellular phone.

17.     As a result, Plaintiff has been forced to expend time, costs, and energy to retain counsel as a result of SmartPay's conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

18.     Plaintiff restates and realleges paragraphs 1 through 17 as though fully set forth herein.

19.     The TCPA prohibits calling persons on their cell phones using an automatic telephone dialing system ("ATDS") without their consent. 47 U.S.C. §227(b)(1)(iii).

20.     The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

21.     Upon information and belief, based on the lack of prompt human response during the calls Plaintiff answered and the high frequency of calls, SmartPay used a predictive dialing system to place calls to Plaintiff's cellular phone.

22.     "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

23.     "When evaluating the issue whether equipment is an ATDS, the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.' Accordingly, a system need not actually, store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009).

24.     The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

25.     SmartPay violated the TCPA by placing no less than 1,800 calls to Plaintiff's cellular phone between November 2015 and the present day, using an ATDS without her consent.

26.     As stated above, Plaintiff has no relationship with SmartPay and never provided SmartPay with her cellular phone number.

27.     Furthermore, as stated above, Plaintiff requested that SmartPay cease its calls to no avail.

4

28. As pled above, Plaintiff was substantially harmed and continues to be harmed by SmartPay's calls to her cellular phone.

29. Pursuant to 47 U.S.C. §227(b)(3)(B), SmartPay is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), SmartPay's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE Plaintiff, PAULETTE DILWORTH, requests that this Honorable Court:

a. Declare SmartPay's phone calls to Plaintiff to be violations of the TCPA;

b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C); and

c. Award any other relief this Honorable Court deems equitable and just.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

30. Plaintiff restates and realleges paragraphs 1 through 17 as through fully set forth herein.

31. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

32. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

33. Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

34. SmartPay is engaged in "commerce" in the State of Illinois with regard to Plaintiff as defined by ICFA, 815 ILCS 505/1(f). SmartPay provides funding for electronic devices to Illinois consumers, an activity which is within the stream of commerce and SmartPay's regular course of business.

### a. Unfairness

35. It was unfair for SmartPay to place up to 10 calls a day to Plaintiff's cellular phone without her consent.

36. It was unfair for Plaintiff to place no less than 1,800 calls to Plaintiff's cellular phone between November 2015 until the present day without her consent.

37. The phone harassment campaign SmartPay has unleashed onto Plaintiff is against public policy, unethical, and oppressive.

38. As pled above, Plaintiff was substantially harmed by SmartPay's unfair conduct.

39. Upon information and belief, SmartPay systematically places harassing phone calls to consumers in Illinois in order to aggressively promote its services.

40. Upon information and belief, placing unsolicited and harassing cellular phone calls to consumers is an unfair business practice willfully employed by SmartPay and is done on a large scale.

41. An award of punitive damages is appropriate because SmartPay's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff has no choice but to submit to the continued harassing calls.

WHEREFORE Plaintiff, PAULETTE DILWORTH, requests that this Honorable Court:

a.  Enter judgment in her favor and against SmartPay;

b.  Award Plaintiff her actual damages in an amount to be determined at trial;

c.  Award Plaintiff punitive damages in an amount to be determined at trial;

d.  Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

e.  Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: April 30, 2016                                        Respectfully Submitted,

                                                            /s/ Mohammed O. Badwan

                                                            Mohammed O. Badwan, Esq.
                                                            ARDC#6299011
                                                            *Counsel for Plaintiff*
                                                            Sulaiman Law Group, LTD
                                                            900 Jorie Blvd, Ste 150
                                                            Oak Brook, IL 60523
                                                            Phone (630) 575-8181
                                                            Fax (630) 575-8188